UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT (STAR) LOCKE; dba FT STAR RANCH, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. C-05-125 |
| DOTTIE CLOWER, *et al*, | § § | |
| Defendant. | § § | |

**MEMORANDUM AND RECOMMENDATION**

Plaintiff filed this lawsuit in the 28th District Court of Nueces County on March 10, 2005, alleging his rights under the United States Constitution were violated when animals belonging to him were seized by municipal authorities and placed into the care of defendant Clower.  Defendant Clower removed the case, alleging federal questions jurisdiction.  An initial pretrial and scheduling conference was scheduled for Thursday, July 21, 2005, at 1:15 p.m. Defendant and counsel for defendant appeared, but plaintiff did not.  Defense counsel orally moved for dismissal based upon plaintiff's failure to prosecute his case.  A memorandum and recommendation was entered on July 26, 2005, recommending that the case be dismissed for want of prosecution (D.E. 9).

On August 1, 2005, plaintiff filed a Motion to Strike, Motion for a New Trial, and Motion for a Hearing Date (D.E. 10).  In it he alleges that he did not appear because he had hired and paid an attorney to represent him.

1 / 5

## APPLICABLE LAW

Though plaintiff titled his motion a motion for a new trial, the standard for granting a new trial is not applicable in this case because no trial has been held, and the District Judge has not entered judgment in the case.  Plaintiff's motion will be treated as his timely filed objection to the Memorandum and Recommendation to Dismiss, and also as a motion for reconsideration of the recommendation.

The District Court has authority to involuntarily dismiss an action for failure to prosecute.  Fed. R. Civ. P. 41(b).  The sanction of dismissal is a harsh one and should be invoked only upon a "clear record of delay or contumacious conduct by the plaintiff" and only if "lesser sanctions would not serve the best interests of justice."  *Price v. McGlathery* , 792 F.2d 472, 474 (5th Cir. 1986) (internal quotations and citations omitted).  At least one of three aggravating factors should be present before dismissal is appropriate: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.*

Examining the first factor, plaintiff claims he hired a lawyer to appear for him at the initial pretrial and scheduling conference.  But no attorney has stepped forward to admit that he/she was hired.  Plaintiff's allegation he hired an attorney is unsworn, and although he claims he will produce canceled checks showing proof he hired an attorney, he has not done so to date.  Moreover, the order resetting the initial pretrial and scheduling conference before undersigned United States Magistrate Judge required the appearance of both counsel and client (D.E. 6).

Even assuming plaintiff hired counsel, he was not excused from attending the hearing.  Finally, plaintiff further ignored his duty to prosecute this case by failing to file a response to defendant's motion to dismiss, due July 21, 2005.  This factor weighs in favor of dismissal.

The second factor is prejudice to defendant.  *Id.*  Defendant has not cited any prejudice, other than the cost of her counsel to appear and defend this action.  Reimbursement of attorney's fees for preparing for and attending the July 21st hearing and preparing a response to plaintiff's motion for a new trial will place defendant in the same position she would have been had plaintiff appeared at the initial pretrial conference.  This factor does not weigh in favor of dismissal.

The third factor is whether the delay was caused by intentional conduct.  Because plaintiff is proceeding *pro se* , it will be assumed that he was not acting to intentionally delay the proceedings.

## RECOMMENDATION

It is respectfully recommended that plaintiff's motion to strike, for a new trial, and for a new hearing date (D.E. 10-1, 10-2, 10-3) be conditionally granted.  The recommendation for dismissal is withdrawn, but only  if the following occurs within twenty days of the date of this recommendation: (1)  plaintiff demonstrates proof via canceled check or receipt, that he did hire and pay counsel; (2) plaintiff shows proof that he reimbursed defendant Clower's counsel for his time preparing for and attending the July 25, 2005, hearing and preparing and filing the response

to plaintiff's motion; and (3) plaintiff files his response to defendant Clower's Fed. R. Civ. P.

12(b)(6) motion to dismiss.

If plaintiff fails to timely comply, the original recommendation for dismissal stands.

Respectfully submitted this 12th day of August, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).